**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| DENISE DEON RAMIREZ, | Case No.: 1:23-cv-01192-HL |
| *Plaintiff*, | |
| vs. | **ORDER AWARDING ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTIC ACT, 28 U.S.C. § 2412, et. seq.** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| *Defendant*. | |

For the reasons set forth in the parties' stipulated motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, *et seq*., and good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

Plaintiff is hereby awarded $1,346.48 in fees and $0.00 in expenses under the EAJA. Under *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program pursuant to 31 U.S.C. § 3716(c)(3)(B). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney.

If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the

1

Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

DATED: February 5, 2024

_____
Andrew D. Hallman
U.S. Magistrate Judge

2